Wilson, J.
This was a suit in replevin brought in aid of the foreclo *355 sure of a chattel mortgage given to secure an unpaid balance on the purchase price of some furniture sold by plaintiff Hennessey to defendant. The suit was begun in the justice court, and hence there being no written pleadings, the issues between the parties and tried by the courts can only appear from an examination of the evidence. Only a very small portion of this is presented in the printed abstract filed by appellant, and the appellee has not entered an appearance in this court, nor seen fit to aid us by a brief or by calling our attention to any portion of the testimony bearing upon the case and not contained in the abstract. There seems to have been no dispute as to the execution of the notes secured by the mortgage, nor their nonpayment. The defense, so far as we can gather from the brief portions of the evidence presented, appears to have been that the plaintiff at the time of the purchase had agreed to sell to defendant the goods in question at the market price, but had failed to do so, charging a much greater price; secondly, that the plaintiff had made false representations as to the quality of the goods sold, and, thirdly, that the plaintiff had not delivered some of the articles which the defendant had purchased, but in their place had substituted much inferior articles.
The chief contention of plaintiff upon which he bases his claim for a reversal of the judgment is that one of defendant’s witnesses was permitted, over the objection of plaintiff, to testify as to the market price of the furniture at the date when it was sold. We believe the rule to be correct, as stated by plaintiff, that where one inspects goods and agrees to pay a specific price asked therefor, in a suit for this purpose it is not permissible to offer testimony as to the value of the goods at the time of the purchase. This is the general rule, but in cases of fraud it does not apply. There was some evidence apparently offered and received to the effect that the defendant had never before bought any furniture; that he had no knowledge of its character or quality; that the plaintiff at the time of making the sale expressly agreed to sell the furniture at its actual market price, and that plaintiff *356 made false representations as to the quality of the articles sold. Under these circumstances, we think the testimony was admissible.
There does not appear to have been any claim that there was an express warranty of the quality of the goods. In such case, the plaintiff claims the law to be, that on the sale of personal property, where the purchaser inspects for himself the goods to be sold, and the seller is guilty of no fraud, the doctrine of caveat emptor applies. He cites numerous authorities in support of this proposition. The statement is in its general features correct. In this case, however, there Avas some evidence of fraud, there being some testimony as to fraudulent representations made by the seller. The rule of law, therefore, is not applicable if the allegations of fraud were sustained: This was a question of fact submitted to
the jury on conflicting evidence, and the verdict being in favor of the defendant, this court will not interfere with it.
The judgment will therefore be affirmed.

Affirmed.